UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARL HINDERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-01191-SNLJ |
| ) | |
| FRANCIS B. SANCEGRAW, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Karl Hinderman for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $2.31. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendants Francis Sancegraw and Kyle Smith in their individual capacities.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. (Docket No. 4). The account statement shows an average monthly deposit of $11.57. The Court will therefore assess an initial partial filing fee of $2.31, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983. He names Correctional Officer Francis Sancegraw and Correctional Officer Kyle Smith as defendants. (Docket No. 1 at 2-3). Both are named in their individual capacities only.

Plaintiff states that on January 15, 2018, he advised Officer Sancegraw and Officer Smith that he was suicidal. (Docket No. 1-1 at 1). Per institutional policy, an offender who declares that he is suicidal is supposed to be extracted from his cell, assessed by medical personnel, and placed into a camera cell on suicide watch.

When plaintiff declared he was suicidal, he states that both defendants "stopped in their tracks" and started towards his cell door. He asserted that Officer Sancegraw "had a fervently

3

angry scowl on his face" and told plaintiff that he was "tired of this sh-t." He further states that Officer Sancegraw asked him if he was willing to submit to restraints. Plaintiff answered in the affirmative.

Officer Sancegraw unlocked plaintiff's food-port and plaintiff "dangled both hands out of the slot." He alleges that Officer Sancegraw quickly grabbed the food-port door "and began to slam it, in short burst[s], on [his] hands, fingers, [and] wrist." Then, Officer Sancegraw held the door against plaintiff's wrist, preventing him from pulling away. Plaintiff states that this caused him "excruciating pain" and drew blood.

Plaintiff claims that he pled with both officers to stop, but they did not. Instead, Officer Sancegraw began to yell at plaintiff to "pull [them] in," even though plaintiff could not withdraw his hands with Officer Sancegraw holding him. Plaintiff states that Officer Sancegraw kept him in this position for approximately one-and-a-half minutes, before finally allowing him to submit to restraints. During this period, Officer Smith was present and did not intervene, despite plaintiff asking for his assistance. (Docket No. 1-1 at 2).

Following this incident, plaintiff was assessed by a nurse. (Docket No. 1-1 at 1). He states that he showed the nurse lacerations on his hands, and advised her that he could not feel his ring finger. Plaintiff asserts that he continues to suffer aches and pains in both wrists. (Docket No. 1 at 4).

Plaintiff is seeking $5,000 in compensatory damages against each defendant, as well as $20,000 in punitive damages against each defendant. (Docket No. 1 at 5).

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Officer Sancegraw violated the Eighth Amendment by using excessive force against him. He further claims that Officer Smith violated the Eighth Amendment by failing to intervene. Both officers are sued in their individual capacities only. For the reasons discussed below, the Clerk of Court will be directed to issue process on both Officer Sancegraw and Officer Smith.

### A. Excessive Force Claim Against Officer Sancegraw

Plaintiff alleges that Officer Sancegraw used excessive force against him, after he declared that he was suicidal. The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). *See also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Here, plaintiff states that he told Officer Sancegraw that he was declaring as suicidal. This appeared to upset Officer Sancegraw, as he told plaintiff that he was "tired of this sh-t." When plaintiff put his hands through the food-port to submit to restraints, Officer Sancegraw allegedly slammed the food-port door against his hands and wrists. Thereafter, Officer Sancegraw held the door shut against his wrist, so that plaintiff was unable to free himself. Plaintiff states this caused him injuries and pain. He further asserts that he was complying with directives. The Court must accept these allegations as true and make all reasonable inferences in favor of the plaintiff. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). As such, the Clerk of Court will be directed to issue process on Officer Sancegraw in his individual capacity as to plaintiff's claim of excessive force.

**B. Failure to Intervene Claim Against Officer Smith**

Plaintiff alleges that Officer Smith failed to intervene on his behalf while witnessing Officer Sancegraw's assault against him. The Eighth Amendment imposes upon prison officials the obligation to restore control in tumultuous situations. *Buckner v. Hollins*, 983 F.2d 119, 121 (8th Cir. 1993). To that end, a correctional officer can be held liable under § 1983 for failing to intervene in another officer's constitutional violation. *See Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981) (determining that a deputy could be held "jointly liable for failing to intervene if a fellow officer…was using excessive force and otherwise was unlawfully punishing the prisoner"); and *Buckner*, 983 F.2d at 121-22 (determining that state corrections officer had a duty to intervene on behalf of inmate being assaulted by a county corrections officer). "A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994).

Here, plaintiff alleges that Officer Smith was present while Officer Sancegraw slammed the food-port door onto his hands and wrists. Indeed, plaintiff asserts that he begged and pleaded with Officer Smith to "step in and stop the assault." However, plaintiff states that Officer Smith did not intervene on his behalf. Accepting these allegations as true, the Court will direct the Clerk of Court to issue process on Officer Smith in his individual capacity as to plaintiff's claim of failure to intervene.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $2.31 within **twenty-one (21) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Francis Sancegraw in his individual capacity as to plaintiff's claim of excessive force, and on defendant Kyle Smith in his individual capacity as to plaintiff's claim of failure to intervene. The defendants shall be served in accordance with the waiver agreement this Court maintains with the Missouri Attorney General's Office.

Dated this 30th day of July, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE