UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARL HINDERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-01191-SNLJ |
| ) | |
| FRANCIS B. SANCEGRAW, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Kyle Smith to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Docket No. 9). Defendant argues that plaintiff has not exhausted his administrative remedies because the grievance he filed while at the Potosi Correctional Center (PCC) was untimely. For the reasons discussed below, plaintiff will be given **twenty-one (21) days** to show cause why his case should not be dismissed for failure to exhaust.

### Background

Plaintiff is a pro se litigant. At all relevant times, he was incarcerated at PCC. On May 3, 2019, plaintiff filed a civil action pursuant to 42 U.S.C. § 1983 claiming that defendant failed to intervene when excessive force was used against him. The incident allegedly took place on January 15, 2018. On July 30, 2019, the Court directed the Clerk of Court to issue process on defendant. The instant motion was filed on September 30, 2019.

### Discussion

Defendant moves to dismiss plaintiff's case on the basis of plaintiff's failure to exhaust administrative remedies. The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot

bring an action under 42 U.S.C. § 1983 without first exhausting available administrative remedies. *See* 42 U.S.C. § 1997e(a). Under the PLRA, exhaustion is mandatory and is a prerequisite to bringing a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). This is true regardless of the relief offered by administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, the exhaustion requirement requires proper exhaustion, which entails completion of the administrative review process in accordance with applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006).

Here, plaintiff alleges that the excessive force incident at PCC occurred on January 15, 2018. (Docket No. 1-1 at 1). However, the grievance that plaintiff attached to his complaint is dated July 12, 2018. (Docket No. 1-2 at 2). As such, nearly six months elapsed between the incident and plaintiff's grievance. Defendant notes that grievances must be made within fifteen days of the incident. Indeed, defendant points out that the grievance response plaintiff attached to the complaint states, in part, that plaintiff's right to raise the issue had expired. (Docket No. 1-2 at 1).

As explained above, proper exhaustion, including compliance with the deadlines of the administrative review process, is a mandatory precondition to filing a § 1983 action in federal court. Plaintiff appears to have failed to abide by the administrative procedures at PCC, which require an inmate to submit a complaint regarding a grievable issue within fifteen days of the alleged incident. Therefore, plaintiff will be ordered to show cause in writing and within **twenty-one (21) days** why defendant's motion should not be granted, and this case dismissed. That is, plaintiff must explain why he failed to submit his grievance within the fifteen-day period in accordance with the procedures of the Missouri Department of Corrections.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall show cause in writing and within **twenty-one (21) days** of the date of this order why defendant's motion should not be granted, and this case dismissed, due to plaintiff's failure to properly exhaust administrative remedies.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, his claim against defendant Kyle Smith will be dismissed.

Dated this 8th day of October, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE