UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARL HINDERMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-01191-SNLJ ) |
| FRANCIS B. SANCEGRAW, et al., | ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On October 8, 2019, the Court ordered plaintiff Karl Hinderman to show cause why defendant Kyle Smith's motion to dismiss should not be granted. (Docket No. 14). Plaintiff filed a response on October 9, 2019. (Docket No. 15). For the reasons discussed below, the Court will now direct defendant to submit a memorandum responding to plaintiff's assertion that he timely exhausted his administrative remedies.

**Background**

Plaintiff is a pro se litigant, currently incarcerated at the South Central Correctional Center. At all relevant times, however, he was an inmate at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. On May 3, 2019, plaintiff filed a civil action pursuant to 42 U.S.C. § 1983, claiming that defendant failed to intervene when excessive force was used against him. The incident allegedly took place on January 15, 2018. On July 30, 2019, the Court directed the Clerk of Court to issue process on defendant. (Docket No. 5).

On September 30, 2019, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 11). Defendant argued that plaintiff had failed to properly exhaust his

administrative remedies at PCC before filing his § 1983 action. Specifically, defendant noted that the alleged excessive force incident took place on January 15, 2018. (Docket No. 1-1 at 1). However, the grievance attached to plaintiff's complaint was dated July 12, 2018, some six months later. (Docket No. 1-2 at 2). Defendant asserted that grievances are required to be made within fifteen days. Since more than fifteen days elapsed, plaintiff was untimely, and thus had failed to properly exhaust his administrative remedies. (Docket No. 11 at 5-6).

The Court ordered plaintiff to file a response on October 8, 2019. (Docket No. 14). The Court received a written response on October 9, 2019. (Docket No. 15). In his response, plaintiff claims that he received an informal resolution request (IRR) form on January 19, 2018, four days after the incident. (Docket No. 15 at 1). He turned the completed IRR in to his caseworker on January 24, 2018, nine days after the incident. Plaintiff alleges that his caseworker abandoned the IRR by failing to respond within forty-five days.

On February 13, 2018, plaintiff states that he received another IRR form from another caseworker. He submitted this IRR on February 20, 2018. He further states he received a response, and a grievance to fill out, on March 2, 2018. Plaintiff states he submitted the grievance on March 9, 2018.

Plaintiff explains that Warden Payne responded to that grievance on April 12, 2018, which was the first time he made it to the grievance stage. He was then given an appeal, which he turned in. Plaintiff states that the response to his appeal was the receipt of another grievance. He claims he initially noted on the grievance that he was past the grievance stage. However, he also noticed that this grievance form was actually a response to his initial IRR, which he had submitted on January 24, 2018. (Docket No. 15 at 2). Plaintiff alleges that his case manager exceeded the timeframe in which to respond to a grievance; nevertheless, he filled out the grievance and pursued

2

it. He argues that any delays in his pursuit of administrative remedies were caused by PCC staff and were not the result of his own dilatoriness.

## Discussion

Defendant has filed a motion to dismiss, asserting that plaintiff's claim should be dismissed for failure to properly exhaust administrative remedies. Plaintiff's response indicates that he made all possible efforts to comply with PCC's grievance process. In short, he argues that his claim should not be dismissed for failure to properly exhaust when any delays in exhausting his remedies are attributable to PCC staff.

Plaintiff has presented facts establishing that he complied with the deadlines of PCC's administrative review process, and that any delays in this process were beyond his control. If plaintiff has complied, then dismissal for failure to exhaust administrative remedies would not be appropriate. Therefore, the Court will direct defendant to submit a memorandum in response to plaintiff's assertion that he timely and properly exhausted the administrative review process. In the response, defendant should indicate whether he intends to proceed with or withdraw his motion to dismiss, and if he intends to proceed, to establish how any failure to comply with administrative review procedures is attributable to plaintiff. Defendant will be given twenty-one (21) days in which to comply.

The Court notes that if the response brief requires reference to matters outside the pleading, it may be more appropriate for defendant to file a motion for summary judgment on this issue.

Accordingly,

**IT IS HEREBY ORDERED** that defendant shall submit a written response to Docket No. 15 within **twenty-one (21) days** of the date of this order in accordance with the instructions set forth above.

Dated this 28th day of October, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

4